IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | |
| UNIVERSAL HEALTH SERVICES, | ) ) | **COMPLAINT** **JURY TRIAL DEMANDED** |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil

Rights Act of 1991 to correct unlawful employment practices on the basis of sex (pregnancy), and

to provide appropriate relief to Billie Jo Cooper who was adversely affected by such practices. As

alleged with greater particularity in paragraph 7 below, Defendant Employer Universal Health

Services discriminated against Billie Jo Cooper because of her sex (pregnancy) when, shortly after

notifying Defendant of her pregnancy, Ms. Cooper was terminated from her employment. As a result

of the discrimination, Ms. Cooper suffered back pay losses and emotional distress damages.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343

and 1345. This action is authorized and instituted pursuant to 706 (f)(1) and (3) of Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3)("Title VII") and Section 102

of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant, Universal Health Services (UHS) (the "Employer"), has continuously been doing business in the State of Pennsylvania and the City of King of Prussia, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Billie Jo Cooper filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least on or about March 25, 2004, Defendant Employer has engaged in unlawful employment practices at its King of Prussia, Pennsylvania facility, by unlawfully subjecting Ms. Cooper to discrimination because of her sex in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). These unlawful practices include, but are not limited to, the following:

(a) From on or about January 5, 2004, until her discriminatory discharge on or about March

25, 2004, Billie Jo Cooper held the position of Secretary in Defendant's Design Construction Division.

(b)    Throughout Ms. Cooper's employment, Defendant praised her performance and regularly encouraged her in her work. On or about February 20, 2004, Defendant told Ms. Cooper that she was a part of Defendant's "long term plan," in which she interpreted as Defendant being pleased with her work and that she would have an ongoing employment relationship with Defendant.

(c)    On or about March 1, 2004, Ms. Cooper informed her supervisor and co-workers that she was pregnant.

(d)    After announcing her pregnancy, Ms. Cooper's work environment drastically changed in that her co-workers continuously inquired if she would be a "stay-at-home mom," and repeatedly suggested that she would not return to work.

(e)    On or about March 19, 2004, Ms. Cooper was absent from work and called Defendant to inform her supervisor that she was hospitalized due to complications with her pregnancy.

(f)    Upon her return to work on, or about March 22, 2004, Ms. Cooper met with her supervisor to further discuss her absence from work. During this meeting, Ms. Cooper's supervisor rejected her offer to submit a doctor's note explaining her absence and demanded that Ms. Cooper be available to work.

(g)    On or about March 25, 2004, Defendant notified Ms. Cooper that she was being terminated for alleged performance problems. However, Ms. Cooper never received notification of any performance deficiencies, or discipline regarding her work from Defendant.

(h)    Upon Ms. Cooper's termination, her supervisor informed her that he was not convinced that she would return to work after giving birth.

3

8.    The effect of the practices complained of in paragraph 7(a)-(h) above have been to deprive Billie Jo Cooper of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex.

9.    The unlawful employment practices complained of in paragraphs 7(a)-(h) above were intentional.

10.    The unlawful employment practices complained of in paragraphs 7(a)-(h) above were done with malice or with reckless indifference to the federally protected rights of Billie Jo Cooper.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sex discrimination any other employment practice which discriminates on the basis of sex.

B.    Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant Employer to make whole Billie Jo Cooper, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.    Order Defendant Employer to make whole Billie Jo Cooper, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7(a) - (h) above, including job search expenses and medical benefits, in

4

amounts to be determined at trial.

  E.  Order Defendant Employer to make whole Billie Jo Cooper by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7(a)-(h) above, including emotional pain, suffering, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F.  Order Defendant Employer to pay Billie Jo Cooper punitive damages for its malicious and reckless conduct described in paragraphs 7(a)-(h) above, in amounts to be determined at trial.

  G.  Grant such further relief as the Court deems necessary and proper in the public interest.

  H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

**ERIC S. DREIBAND**
General Counsel

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

**JACQUELINE H. MCNAIR**
Regional Attorney

**JUDITH A. O'BOYLE**
Supervisory Trial Attorney

**DAWN M. EDGE**
Trial Attorney

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Philadelphia District Office
21 South 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2687
(215) 440-2848 (FAX)

6